# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

**FILED**

**May 29, 1998**

**Cecil W. Crowson**
**Appellate Court Clerk**

NATIONAL HEALTHCARE, L.P., )
                                     )

      Plaintiff/Appellant,     )

                                     )    Davidson Chancery

VS.                        )    No. 97-469-I

                                   )

SPARTA MEDICAL INVESTORS  )    Appeal No.
LIMITED PARTNERSHIP and     )    01A01-9712-CH-00718
THE TENNESSEE HEALTH       )
FACILITIES COMMISSION,     )

                                   )

      Defendants/Appellees.   )

---

## CONCURRING OPINION

I concur with the results of the court's opinion.

The Tennessee Health Facilities Commission employs a procedurally unique three-step procedure. The first step consists of the Commission's preliminary decision on an application for a CON. *See* Tenn. Code Ann. § 68-11-108 (1996). If one of the affected parties contests the Commission's preliminary decision, the second step consists of a contested case hearing in accordance with Tenn. Code Ann. § 68-11-109 (1996). Administrative law judges usually preside at these hearings and then issue an initial decision. The third step is the Commission's consideration of the administrative law judge's initial decision and its issuance of a final decision.

The Tennessee Health Planning and Resource Development Act of 1987, Tenn. Code Ann. §§ 68-11-101, -125 (1996 & Supp. 1997), contains no provision explicitly preventing the Commission from granting a final CON on terms and conditions that are different from the terms and conditions of the CON preliminarily granted under Tenn. Code Ann. § 61-11-108. When a petition for a contested case hearing in accordance with Tenn. Code Ann. § 68-11-109 is filed, the hearing must relate to the original application for a certificate of need filed with the Commission. The record contains no convincing evidence that the consideration of the various permutations of Sparta Medical Investors, L.P.'s application for a CON undermined National

Health Care, L.P.'s ability to present proof opposing the approval of a second nursing home in Sparta.

Following my own independent review of the administrative record, I find that there is substantial and material evidence supporting the Commission's approval of a 100-bed non-skilled nursing home with twenty skilled beds and including an Alzheimers unit and its conclusion that this facility was economically feasible to build and operate.

_____
WILLIAM C. KOCH, JR., JUDGE